JAMES R. OSGOOD & others *vs.* J. H. STEVENSON.

Suffolk. Nov. 16, 1886. — Jan. 10, 1887. HOLMES & GARDNER, JJ.,
absent.

If A. signs an agreement, which is partly printed and has blank spaces to be filled in writing, for a copy of a book, to be published by B. in several volumes, and B., after the agreement has been signed and delivered by A., inserts, without A.'s consent, the word "cloth" in the blank space after the printed words "bound in," and the figures "$6.25" in the blank space before the printed words "per volume," it is a material alteration which will avoid the contract.

CONTRACT upon an agreement, partly printed and partly written, of which the following is a copy, the words printed in italics being those which were in writing:

"To James R. Osgood & Co.

"Boston, Mass., *July 3, 1880.*

"Please register *my* name as a subscriber for *one copy* of the Memorial History of Boston, bound in *cloth* at *$6.25* per volume, which *I* hereby agree to receive of James R. Osgood & Co., their agent or assigns, and to pay the price per volume indicated above, upon the delivery to *me* of each and every volume. Each copy of the history being complete in four volumes. It is understood that any arrangement with the canvasser other than the above must be made in writing and agreed to by the signature of the publishers.

| | | | | |
|---|---|---|---|---|
| Cloth (bevelled), | $6.25 per volume. | Name (signed), | *J. Henry Stevenson.* |
| Half morocco, | 8.50 " " | Address, Str. and No., | 41 *Princeton St.,* |
| Half calf, | 8.50 " " | City or Town, | *E. Boston."* |
| Full morocco, | 10.50 " " | | |

The defendant alleged, in his answer, fraud in obtaining his signature. Trial in the Superior Court, before *Thompson,* J., who allowed a bill of exceptions, in substance as follows:

The signature of the defendant was admitted; and he testified that he did not read what he signed, and that he was told by the canvasser that he was to have the whole work for $6.25. The defendant also testified that all of the written portions of the contract had been inserted, without his knowledge or consent, after he had signed the blank form. The plaintiffs, in rebuttal, called the canvasser, who testified that all of the blanks

were filled before the signing by the defendant.	There was evidence that there was some talk, at the time of the signing of the contract, between the defendant and the canvasser, the plaintiffs' agent, as to the style of binding; and it was admitted that the first volume of the work was left at the house of the defendant, by the agent of the plaintiffs, bound in cloth, and the defendant soon after paid the agent, without objection, six dollars and twenty-five cents.

The defendant testified that he went to the place of business of the plaintiffs, and stated to them that he was told by the canvasser that he should have the entire work for six dollars and twenty-five cents, and notified the plaintiffs that he would not receive any more volumes of the work unless they were sent without any additional payment therefor, as he was promised the entire work for six dollars and twenty-five cents.

The plaintiffs tendered to the defendant the other three volumes, and the defendant declined to receive the same, or to pay anything in addition to the amount already paid for them, saying that he had been imposed upon by the canvasser.	He made no objection to the form of the binding of the volume left at his house.

At the close of the evidence, the plaintiffs asked the judge to order a verdict for the plaintiffs, which he declined to do.

The defendant asked the judge to instruct the jury, that, if there was any alteration of the contract by writing in any words or figures in the blanks, after the signature of the defendant, and not in his presence, they must find for the defendant.

The judge did not so instruct the jury, but instructed them that the defendant, being able to read, and having the opportunity to read the contract signed by him, would be bound by it, although he did not read it, unless his signature was obtained by fraud; that if any material alteration was made in the contract, after it was signed by the defendant and delivered to the plaintiffs' agents, without the consent of the defendant, it would make the contract void; and that if the word "cloth" and the figures "$6.25" were written after the contract was signed by the defendant, without his consent, by the plaintiffs or their agent, the alteration was a material one, and the plaintiffs could not recover upon such contract.

The jury returned a verdict for the defendant; and the plaintiffs alleged exceptions.

*J. E. Butler*, for the plaintiffs.

*D. B. Gove*, for the defendant.

FIELD, J. If the contract, after the defendant signed and delivered it, was materially altered without his authority, the contract thus altered was not made by the defendant. The insertion of the word "cloth" and of the figures "$6.25" was plainly a material alteration. The plaintiffs declare upon a contract which the jury have found to have been materially altered without the defendant's consent, and it is therefore not the defendant's contract. *Exceptions overruled.*